1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16

| | |
|---|---|
| ROSALBA B.Q.,[1] | Case No. 2:24-cv-10052-JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

17  **I.   SUMMARY**

18      On November 20, 2024, Plaintiff filed a Complaint seeking review of the

19  Commissioner of Social Security's denial of Plaintiff's application for benefits.

20  On January 21, 2025, Defendant filed an Answer consisting of the Administrative

21  Record ("AR").

22      This matter is before the Court on the parties' cross-briefs (respectively,

23  "Plaintiff's Brief" and "Defendant's Brief").  The Court has taken this matter

24  under submission without oral argument.  See SSA Supp. Rule 5; November 25,

25  2024 Case Management Order ¶ 4.

26  _____

27      [1]Plaintiff's name is partially redacted to protect Plaintiff's privacy in compliance with
    Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court
28  Administration and Case Management of the Judicial Conference of the United States.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED.  The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 28, 2021, Plaintiff filed an application for supplemental security income (SSI), alleging disability beginning on June 1, 2021, due to low bone density, lower back, water retention in leg, stiff hands, heart problems, chest pain/ difficulty breathing, low blood pressure, anxiety, and insomnia.  (AR 333, 359). The ALJ subsequently examined the medical record and, on November 15, 2023, heard testimony from Plaintiff (who was represented by counsel) and a vocational expert.  (AR 60-85).

On January 31, 2024, the ALJ determined that Plaintiff has not been disabled since June 28, 2021, the application date.  (AR 23-53).  Specifically, the ALJ found:  (1) Plaintiff suffers from the following severe impairments:  an anxiety disorder, schizophrenia, a learning disability, and obesity (AR 26); (2) Plaintiff's impairments, considered individually or in combination, do not meet or medically equal a listed impairment (AR 28); (3) Plaintiff retains the residual functional capacity ("RFC") to perform light work (20 C.F.R. § 416.967(b)), with additional limitations[2] (AR 32); (4) Plaintiff has no past relevant work (AR 51);

_____

[2]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  20 C.F.R. § 416.967(b).  The ALJ additionally determined that Plaintiff: (i) can lift and/or carry up to twenty pounds occasionally and up to ten pounds frequently; (ii) can stand and/or walk for four hours out of an eight-hour workday; (iii) can sit for six hours out of an eight-hour workday; (iv) can frequently push or pull; (v) can occasionally climb ramps, balance, stoop, and crouch; (v) cannot climb stairs, ladders, ropes, or scaffolds; (vi) cannot kneel or crawl; (vii) cannot work with or near hazards, such as unprotected heights, power tools, or instrumentalities that are hazardous, such as an open furnace; (viii) cannot work in atmospheric conditions involving concentrated exposure to pulmonary

(continued...)

1   and (5) there are jobs that exist in significant numbers in the national economy that

2   Plaintiff can perform, such as parking lot attendant; "assembler, power screw

3   driver"; and "assembler, small products" (AR 51-52).

4        On October 11, 2024, the Appeals Council denied Plaintiff's application for

5   review.  (AR 1-3).

6   **III.   APPLICABLE LEGAL STANDARDS**

7        **A.   Administrative Evaluation of Disability Claims**

8        To qualify for disability benefits, a claimant must show that she is unable

9   "to engage in any substantial gainful activity by reason of any medically

10  determinable physical or mental impairment which can be expected to result in

11  death or which has lasted or can be expected to last for a continuous period of not

12  less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

13  (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted), superseded

14  by regulation on other grounds as stated in Sisk v. Saul, 820 F. App'x 604, 606

15  (9th Cir. 2020); 20 C.F.R. § 416.905(a).  To be considered disabled, a claimant

16  must have an impairment of such severity that she is incapable of performing work

17  the claimant previously performed ("past relevant work") as well as any other

18  "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094,

19  1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

20       To assess whether a claimant is disabled, an ALJ is required to use the five-

21  step sequential evaluation process set forth in Social Security regulations.  See

22  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006)

23  (describing five-step sequential evaluation process (citing 20 C.F.R. §§ 404.1520,

24

25       [2](...continued)

26  irritants; (ix) cannot walk on uneven terrain or work at heights; (x) can perform simple tasks and
make simple work-related judgments; (xi) can have frequent interaction with the public,

27  co-workers, and supervisors; and (xii) can adapt to occasional changes in the work environment.
(AR 32).

28

1  416.920)).  The claimant has the burden of proof at steps one through four – *i.e.*,

2  determination of whether the claimant was engaging in substantial gainful activity

3  (step 1), has a sufficiently severe impairment (step 2), has an impairment or

4  combination of impairments that meets or medically equals one of the conditions

5  listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and

6  retains the residual functional capacity to perform past relevant work (step 4).

7  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).  The

8  Commissioner has the burden of proof at step five – *i.e.*, establishing that the

9  claimant could perform other work in the national economy.  Id.

10        **B.     Federal Court Review of Social Security Disability Decisions**

11        A federal court may set aside a denial of benefits only when the

12  Commissioner's "final decision" was "based on legal error or not supported by

13  substantial evidence in the record."  42 U.S.C. § 405(g); Trevizo v. Berryhill, 871

14  F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted).  The

15  standard of review in disability cases is "highly deferential."  Rounds v. Comm'r

16  of Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation

17  marks omitted).  Thus, an ALJ's decision must be upheld if the evidence could

18  reasonably support either affirming or reversing the decision.  Trevizo, 871 F.3d at

19  674-75 (citations omitted).  Even when an ALJ's decision contains error, it must

20  be affirmed if the error was harmless.  See Treichler v. Comm'r of Soc. Sec.

21  Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if

22  (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path

23  may reasonably be discerned despite the error (citation and quotation marks

24  omitted)).

25        Substantial evidence is "such relevant evidence as a reasonable mind might

26  accept as adequate to support a conclusion."  Trevizo, 871 F.3d at 674 (defining

27  "substantial evidence" as "more than a mere scintilla, but less than a

28  preponderance" (citation and quotation marks omitted)).  When determining

4

1  whether substantial evidence supports an ALJ's finding, a court "must consider the
2  entire record as a whole, weighing both the evidence that supports and the
3  evidence that detracts from the Commissioner's conclusion[.]" Garrison v.
4  Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

5      Federal courts review only the reasoning the ALJ provided, and may not
6  affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely."
7  Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need
8  not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's
9  reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin,
10  806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

11      A reviewing court may not conclude that an error was harmless based on
12  independent findings gleaned from the administrative record. Id. When a
13  reviewing court cannot confidently conclude that an error was harmless, a remand
14  for additional investigation or explanation is generally appropriate. See Marsh v.
15  Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

16  **IV.    DISCUSSION**

17      Plaintiff's sole claim is that the ALJ's hypothetical to the vocational expert
18  (or "VE") included an additional limitation that was not ultimately included in the
19  ALJ's RFC assessment. (See Plaintiff's Brief at 7-8). For the reasons stated
20  below, Plaintiff has not shown that a reversal or remand is warranted on this
21  ground.

22      **A.    Applicable Law**

23      To assess whether a claimant is disabled at steps four and five of the
24  sequential evaluation process, the ALJ must determine the claimant's residual
25  functional capacity, or RFC. "A claimant's residual functional capacity is what
26  [she] can still do despite [her] physical, mental, nonexertional, and other
27  limitations." Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989) (citing
28  20 C.F.R. § 404.1545); see also 20 C.F.R. § 416.945. An RFC assessment

requires the ALJ to consider a claimant's impairments and any related symptoms that may "cause physical and mental limitations that affect what [she] can do in a work setting." 20 C.F.R. § 416.945(a)(1). In determining a claimant's RFC at step four of the sequential analysis, an ALJ must consider "all of the relevant medical and other evidence" in the record, 20 C.F.R. §§ 416.945(a)(3), 416.946(c), and must consider all of the claimant's "medically determinable impairments," including those that are not severe, 20 C.F.R. § 416.945(a)(2); Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). "[A]n RFC that fails to take into account a claimant's limitations is defective." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009).

At step five, the Commissioner must prove that an individual with the same RFC, age, education, and work experience as the claimant could perform the demands of work which exists in "significant numbers" in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(a)(4)(v) & (g), 416.960(c); Heckler v. Campbell, 461 U.S. 458, 461-62 (1983); see Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (describing legal framework for step five (citations omitted)). One way the Commissioner may satisfy this burden is by obtaining testimony from an impartial vocational expert about the type of work such a claimant is still able to perform, as well as the availability of related jobs in the national economy. See Gutierrez v. Colvin, 844 F.3d 804, 806-07 (9th Cir. 2016) (citation omitted); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1100-01). When a vocational expert is consulted at step five, the ALJ typically asks the vocational expert at the hearing to identify specific examples of occupations that could be performed by a hypothetical individual with the same characteristics as the claimant. Zavalin, 778 F.3d at 846 (citations omitted); Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012) (citations omitted). "The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out all the limitations and restrictions of the particular

6

claimant.'" Valentine, 574 F.3d at 690 (citing Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988)).  However, it is "proper to limit a hypothetical to those impairments that are supported by substantial evidence in the record." Osenbrock, 240 F.3d at 1165.  So long as the ALJ's hypothetical question included all of the claimant's limitations supported by the record, the vocational expert's responsive testimony may constitute substantial evidence of a claimant's ability to perform jobs existing in substantial numbers in the national economy.  See Hill, 698 F.3d at 1161-62 (citations omitted); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 886 (9th Cir. 2006) (citation omitted).

### B.    Pertinent Facts

At the hearing on Plaintiff's application, the ALJ presented the following hypothetical to the VE:

> [A] hypothetical individual of [Plaintiff's] age, education, and work experience limited to work at the light exertional level . . . [who] would stand and/or walk a total of four hours in an eight-hour workday with normal breaks *and would use a front-wheel[ed] walker for any standing or walking*; . . . could sit a total of six hours with normal breaks in an eight-hour workday; . . . could frequently push and/or pull as much as they could lift and/or carry and that they could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; . . . could occasionally use ramps, but could not use stairs; . . . could never use ladders, ropes, or scaffolds; could occasionally balance, stoop, or crouch; could never kneel or crawl; could not work with or near hazards such as, for example, unprotected heights, power tools, or instrumentalities that are hazardous such as an open furnace; . . . could not perform work on an uneven terrain; could not do work at heights; could not do work in atmospheric conditions involving concentrated exposure to

pulmonary irritants such as dust, pollen, fumes, or smoke; . . . could
perform simple tasks and make simple work-related judgments; could
have frequent interaction with the public, supervisors, and coworkers
and could adapt to occasional changes in the work environment.

(AR 74-75 (emphases added)).  The VE testified that such person could perform
the occupations of parking lot attendant; assembler, power screwdriver; and
assembler, small products.[3]  (AR 75).

Subsequently, in the decision, the ALJ determined that Plaintiff had an RFC
which included all the limitations set forth in the above-quoted hypothetical *except*
that it omitted the use of a front-wheeled walker (or other assistive device).  (AR
32).  The ALJ expressly determined that the record did not support the need for a
walker.  (See AR 34).  The ALJ then relied on the VE's testimony in response to
the above-quoted hypothetical to find, at step five, that Plaintiff could perform the
representative jobs of parking lot attendant; "assembler, power screw driver"; and
"assembler, small products."  (AR 52).  In making this finding, the ALJ remarked
as follows:

Although I have concluded the record does not establish that
[Plaintiff] requires the use of a walker, the vocational expert testified
that even if [Plaintiff] were further limited to using a walker for
standing and walking, she would be able to perform the occupations
identified above.

(AR 52).

_____

[3]The ALJ also presented a second hypothetical that included the same limitations as the
first, except that it was further limited to sedentary (rather than light) exertion and an ability  to
sit for a total of eight hours (rather than six) in an eight-hour workday.  (AR 75-76).  The VE
testified that such an individual could perform the occupations of document preparer, ticket
checker, and surveillance system monitor.  (AR 76-77).  As the ALJ ultimately found that
Plaintiff is capable of light work and six hours of sitting (AR 32), the second hypothetical and
response are not pertinent here.

1  |  The ALJ thus concluded that Plaintiff was not disabled and denied her SSI

2  |  application.  (AR 52-53).

3  |  ### C.    Analysis

4  |  Plaintiff's sole contention is that the ALJ erred by including the use of a

5  |  front-wheeled walker in her hypothetical to the VE and then omitting that

6  |  limitation from the RFC.  (Plaintiff's Brief at 7).  Notably, Plaintiff does *not*

7  |  contend that she required the use of a walker, or that the ALJ erred by rejecting

8  |  walker use in the RFC finding.[4]  Rather, she complains only that "[n]o

9  |  hypotheticals were posed to [the VE] that removed the limitation of the front

10 |  wheeled walker for standing and walking."  (Plaintiff's Brief at 7).  On that basis,

11 |  Plaintiff asserts that the VE "was never presented with a complete hypothetical,"

12 |  and thus the ALJ's finding at step five "rests upon an *incomplete* hypothetical."

13 |  (Plaintiff's Brief at 8 (emphasis added)).

14 |  It is true that an ALJ generally cannot rely on a VE's testimony in response

15 |  to an *incomplete* hypothetical – *i.e.*, a hypothetical that *omits* functional limitations

16 |  that are assessed in the RFC or are otherwise supported by substantial evidence in

17 |  the record.  See Leach v. Kijakazi, 70 F.4th 1251, 1255 (9th Cir. 2023) ("If an

18 |  ALJ's hypothetical does not reflect all of the claimant's limitations, then the

19 |  expert's testimony has no evidentiary value to support a finding that the claimant

20 |  can perform jobs in the national economy." (quoting Bray v. Comm'r of Soc. Sec.

21 |  Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)) (internal quotation marks omitted)).

22 |  Here, however, Plaintiff has not identified any limitation that was *omitted* from the

23 |  hypothetical.  To the contrary, the hypothetical was *complete* because it included

24 |  every limitation assessed in the RFC, along with an *extra* limitation – use of a

25 |  front-wheel walker – that was then rejected and thus omitted from the RFC.  The

26 |

27 |  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

   |  [4]Regardless, any error in omitting walker use from the RFC clearly would be harmless

28 |  since, as the ALJ noted, Plaintiff would still be able to perform the same jobs with a front-wheel
   |  walker.  (See AR 52, 75).

ALJ thus described to the VE a hypothetical person with *less functional capacity* (*i.e.*, greater functional limitation) than Plaintiff possessed.  In that situation, reliance on the VE's testimony does not result in material error.  Compare Leach, 70 F.4th at 1257 (ALJ harmfully erred by relying on VE testimony in response to a hypothetical that omitted a limitation assessed in the RFC, "thereby describing [to the VE] a hypothetical person with *greater functional capacity* than Claimant possesse[d]" (emphasis added)), with Felton v. Colvin, 2015 WL 262953, at *12 (C.D. Cal. Jan. 21, 2015) (ALJ was entitled to rely on VE's testimony in response to hypothetical that contained "all the limitations [the ALJ] found credible based on the evidence of record (*as well as additional limitations that he later determined were not credible*)" (citing Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005)) (emphasis added)); Barragan v. Colvin, 2013 WL 5467430, at *6 (C.D. Cal. Sept. 30, 2013) (any error in reliance on VE testimony was harmless where the hypothetical "included limitations actually more restrictive than included in Plaintiff's RFC," such that "the VE's resulting testimony was, in effect, less inclusive of jobs that Plaintiff [was] capable of performing"); Morris v. Astrue, 2013 WL 1000326, at *16 (D.R.I. Feb. 1, 2013) (when an ALJ assigns an RFC more restrictive than what is indicated by the evidence, the "ALJ has favored plaintiff and any error is harmless") (citing Stain v. Astrue, 2012 WL 1067867, at *6 (D. Me. Mar. 28, 2012), aff'd, 2012 WL 1313485 (D. Me. Apr. 17, 2012)), report and recommendation adopted, 2013 WL 997132 (D.R.I. Mar. 13, 2013).

Plaintiff therefore fails to demonstrate any material error in the ALJ's decision, which is reasonable and supported by substantial evidence in the record.

///
///
///
///
///

10

1    **V.    CONCLUSION**

2        For the foregoing reasons, the decision of the Commissioner of Social

3    Security is AFFIRMED.

4        LET JUDGMENT BE ENTERED ACCORDINGLY.

5    DATED:  August 25, 2025

6                                                    _____/s/_____

7                                                    Honorable Jacqueline Chooljian
                                                     UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28